FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA  99 MAR 23  AM 8: 57
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| PETER MAKRES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 97-B-0660-S |
| | ) |
| RALPH HOOKS, Warden;[1/] | ) |
| ATTORNEY GENERAL FOR | ) |
| THE STATE OF ALABAMA | ) |
| | ) |
| Respondents. | ) |

ENTERED

MAR 2 3 1999

## MEMORANDUM OPINION

On February 19, 1997 petitioner filed a *pro se* habeas petition pursuant to 28 U.S.C.

§ 2241 in the Middle District of Alabama. The magistrate judge in the Middle District correctly

construed the petition as a petition filed pursuant to 28 U.S.C. § 2254. The habeas petition was

transferred to this court on March 13, 1997. On March 26, 1997 an order was entered by this court

requiring that petitioner amend the petition on the court provided § 2254 form. Petitioner was again

ordered to amend his habeas petition on April 24, 1997.

On May 19, 1997 petitioner filed the amended petition which is before the court. The

issues presented in the May 19, 1997 amended petition were those addressed in the April 17, 1997

"supplemental brief."

---

[1/]    Petitioner filed this action while incarcerated at Ventress correctional Facility where Terrence McDonnell
was warden. Petitioner has been transferred to Limestone Correctional Facility. Ralph Hooks, the warden
of Limestone, has been substituted as the appropriate respondent.

51

On January 31, 1995 petitioner was convicted in the Circuit Court of Jefferson

County of one count of possession of child pornography in violation of § 13A-12-192(b). Petitioner

was sentenced on March 17, 1995 to twenty-five years imprisonment.[2]

Petitioner appealed from his conviction raising the following issues:

I.      Whether the defendant was denied effective assistance of counsel?

II.     Whether the trial court erred in allowing into evidence results of fingerprint
        comparisons when the chain of custody was not established?

III.    Whether the trial court erred in denying the defendant's motion to quash the
        indictment and dismiss the charges?

IV.     Whether the trial court erred by overruling the defendant's motion to suppress
        the evidence seized pursuant to the search warrant?

On September 8, 1995 the Alabama Court of Criminal Appeals affirmed by

memorandum opinion. (Respondents' Exhibit A). On October 20, 1995 the Alabama Court of

Criminal Appeals denied the application for rehearing.

In his habeas petition petitioner raises four claims:

(1)     Violation of Interstate Agreement on Detainers Act;

(2)     Denial of right to speedy trial;

(3)     Violation of federal extradition laws;

(4)     Denial of right to counsel in connection with petitioner's extradition.

---

[2]     Respondents allege that the sentencing occurred on January 31, 1995, the same day that petitioner was
convicted. It is unclear from the exhibits submitted when sentencing occurred. The date of sentencing,
however, is not material to a determination of the issues as respondents concede that the sentence became
final on October 20, 1995, the date that the application for rehearing was denied.

2

The Court entered an Order to Show Cause requiring respondents to appear and show cause why the relief requested by petitioner should not be granted. In response thereto respondents filed an Answer and exhibits. On September 3, 1997 the Court entered an Order advising petitioner that respondents' Answer would be considered as a motion for summary judgment. The Order further allowed petitioner an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

On October 24, 1997 petitioner filed a Motion for Abeyance/Dismissal (document #29) in which petitioner sought an opportunity to file a state Rule 32 petition. The action was stayed on November 25, 1997. (Document #33). On March 2, 1999 respondents advised the court that petitioner's appeal from the denial of the Rule 32 petition had been completed (document #48) and submitted the Rule 32 proceeding exhibits. On March 2, 1999 petitioner filed a Motion for Clarification (document #46) stating that he "wishes ... to amend his original § 2254 petition to include those Rule 32 issues to file a supplementary brief to argue those meritorious issues therein." The Motion for Clarification is construed as a Motion to Amend and is addressed below.

I.    Claims raised in petitions filed February 19, 1997 and May 19, 1997

Respondents argue that all claims raised and those sought to be raised by petitioner are barred by the one year limitation period of 28 U.S.C. § 2241(d)(1) as the petition was not filed until May 19, 1997. This is not correct. The original petition (to which the May 19, 1997 petition relates back) was timely filed on February 19, 1997. Further, the May 19, 1997 petition presents the same issues petitioner presented in his April 17, 1997 supplemental brief.

Title 28, U.S.C. § 2244(d)(1) provides for a one year period of limitation for habeas petitions filed by state prisoners. The period of limitation would ordinarily begin running on the date

3

that petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). Respondents concede that petitioner's conviction became final on October 20, 1995. Because the date that petitioner's conviction became final occurred prior to the April 24, 1996 enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 which amended § 2244, petitioner had a reasonable time thereafter–that is, until April 23, 1997–in which to file his federal habeas petition. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). This petition was filed on February 19, 1997. Petitioner's habeas petition was therefore timely filed.

Because the habeas petition was timely, the court will address each claim below.

A.    Violation of Interstate Agreement on Detainers Act

Petitioner alleges that his rights under the Interstate Agreement on Detainers Act were violated because the federal government did not make him available to the state of Alabama for trial and Alabama failed to make a good faith attempt to compel petitioner's delivery to Alabama. Petitioner notes that he was successful in having detainers from other jurisdictions resolved during this time.

A pretrial hearing dealing with this issue was held in state court. (Respondents' Exhibit C). The trial court denied the motion to dismiss without discussion other than to elicit from defense counsel that petitioner had not previously objected to the case being set for trial outside the one hundred and twenty day period set forth in the Interstate Agreement on Detainers Act. (Respondents' Exhibit C, pp.45-46).

4

The Alabama Court of Criminal Appeals held:

> The appellant argues that his rights were violated
> under the Uniform Mandatory Disposition of Detainer
> Act when the State, knowing that he was incarcerated
> in a federal prison for eight years, failed to bring him
> to Alabama for trial. This argument is without merit
> based on the appellant's failure to comply with the
> requirements of the Act. Moreover, the record
> indicates that the State made numerous attempts to
> gain temporary custody of the appellant. However,
> the federal government was not willing to transfer him
> based on his prior record for escape.

(Respondents' Exhibit A). (Emphasis added).

Title 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a
> State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim—
>
> (1)     resulted in a decision that was contrary to, or
>         involved an unreasonable application of,
>         clearly established Federal law, as determined
>         by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an
>         unreasonable determination of the facts in light
>         of the evidence presented in the State court
>         proceeding.

The state courts adjudicated this claim on the merits.  Further, the adjudication did not

result in a decision that was contrary to an unreasonable application of federal law nor did it result

in a decision that was based on an unreasonable determination of facts.

At the hearing the only evidence of petitioner's attempt to have his detainer resolved

was a letter to his case manager asking for a list of outstanding detainers for the purpose of having

5

them tried or dismissed. (Respondents' Exhibit C, pp. 16,25). There was also evidence that petitioner

was repeatedly told by federal authorities that he had no outstanding detainers from Alabama.

(Respondents' Exhibit C, pp. 17,26). However, there was also evidence that petitioner was repeatedly

made aware of the outstanding detainers based upon copies of the detainer letters received from the

district attorney. (Respondents' Exhibit C, p.25).

In *Fex v. Michigan*, 507 U.S. 43, 52 (1993), the United States Supreme Court held:

> [T]he 180-day time period in Article III(a) does not
> commence until the petitioner's request for final
> disposition of the charges against him has actually
> been delivered to the court and prosecuting officer of
> the jurisdiction that lodged the detainer against him.

There is no allegation that petitioner's alleged request for final disposition was ever delivered to the

court and district attorney.

In *Lara v. Johnson*, 141 F.3d 239 (5th Cir.) *opinion modified on other grounds*, 149

F.3d 1226 (5th Cir. 1998), the petitioner had written a letter to the judge asking what the state of

Texas's plans were for him and stating that he wanted to face his charges in Texas as soon as

possible. The Fifth Circuit Court of Appeals held:

> [A]side from the fact that it would be distasteful for
> Texas to have to pay for California's mistakes, such a
> result would go beyond the scope of the IAD. The
> IAD provides for dismissal in the following
> circumstances:
>
> (1) if, after a prisoner has made the required
> request pursuant to Article III, trial does not
> occur within the required 180 days;
>
> (2) when trial does not occur before the prisoner,
> having been transferred to the receiving state,
> is sent back to the sending state; or

6

(3)   when the receiving state fails or refuses to accept temporary custody of the prisoner.

*Schin,* 744 S.W.2d at 374.

> Lara's letter does not pass muster for dismissal under the first criterion, and California's actions do not require dismissal under any of the three criteria. Lara's letter did not constitute a proper request under the IAD, and he did not provide the proper certificates and information necessary for a proper IAD request. Further, dismissal because of negligence on the part of the sending state is not a part of the IAD, and we agree with the district court that it would be inappropriate for the federal courts to judicially expand the list of situations in which dismissal is dictated.

Similarly, petitioner's letter to his case manager requesting a list of outstanding detainers and subsequent inquiries to federal authorities do not constitute a proper request under the interstate agreement on detainers. The actions of the federal authorities do not require dismissal under the above criterion.

Further, "interstate agreement on detainer violations are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process." *Remeta v. Singletary,* 85 F.3d 513, 519 (11th Cir. 1996), *cert. denied,* 520 U.S. 1147 (1997). There has been no such showing in this case.

B.   Denial of speedy trial.

Although the speedy trial issue was raised at the pretrial level (see Respondents' Exhibit c, pp.21-29), it was not raised on appeal or in the Rule 32 proceedings. In *Collier v. Jones,* 910 F.2d 770 (11th Cir. 1990), the Court of Appeals for the Eleventh Circuit stated that although petitioner "raised two of his habeas claims in his state coram nobis petition, they were not argued to

7

the Alabama Court of Criminal Appeals on appeal of the state court's denial of that petition." As a result, petitioner's two claims were not fully exhausted as the state court, which is "usually the final arbiter of such collateral attacks on criminal convictions was not afforded a fair opportunity to rule on them." *Collier v. Jones*, 910 F.2d at 773. The Court concluded that the two claims were procedurally barred.

> Dismissal of [petitioner's] federal habeas corpus petition to allow him to fully exhaust these claims would be futile, however, because [petitioner] is barred by state procedural rules from presenting them again in a coram nobis petition.... We find, therefore, that these claims are presented to the federal courts in a posture analogous to claims that have never been presented to a state court, and which have become procedurally barred under state rules. Under such circumstances this circuit has held that *Harris [v. Reed*, 489 U.S. 255 (1989)] does not preclude a federal court from finding the claims procedurally barred. *See Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1989) (Holding, post-*Harris*, that where dismissal to allow exhaustion of unexhausted claims would be futile due to state procedural bar, claims are considered procedurally barred in federal court.). Following this precedent, we hold [petitioner's] two claims ... are procedurally defaulted.

*Collier*, 910 F.2d at 773. (some citations omitted).

Because petitioner failed to present his speedy trial claim to the state appellate court, this claim is procedurally barred from federal review. "When a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice." *See Wilson v. Jones*, 902 F.2d 923, 925 (11th Cir. 1990), *r'hg denied*, 927 F.2d 615 (11th Cir. 1991), *citing Bennett v. Fortner*, 863 F.2d 804, 806 (11th Cir.), *cert. denied*, 490 U.S. 1071 (1989); *see also Engle v. Isaac*, 456 U.S. 107, 129 (1982). Petitioner has not shown

8

cause for his failure to raise this claim on direct appeal. Ineffective assistance of counsel cannot establish cause unless this particular instance of ineffective assistance of counsel has first been presented to the state court as an independent claim. *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Because petitioner has not shown cause, this claim is procedurally barred from federal review.

C.     Violation of extradition laws

This claim was not raised as a claim at the pretrial hearing but, rather, was a counter to the district attorney's argument that they were not operating under the interstate agreement on detainers. (Respondents' Exhibit C, pp. 40-42).

Further, this claim was not raised on direct appeal or in the Rule 32 petition; therefore, this claim is procedurally barred from federal review, *Collier, supra,* and petitioner has failed to establish cause to excuse his procedural default.

D.     Ineffective assistance of counsel

In support of this claim petitioner alleges that he was denied access to any counsel for the purposes of an extradition hearing (see petitioner's traverse, document #21, p.2); however, this issue has never been raised in state court and is, thus, procedurally barred from federal review.

In *Teague v. Lane*, 489 U.S. 288 (1989), *reh. denied*, 490 U.S. 1031 (1989), the Supreme Court held that the procedural default rule applies where a claim has never been presented to the state courts. Petitioner has failed to show cause for his failure to present this claim in state court.

II.     Motion to Amend

In the original Rule 32 petition filed on October 27, 1997 petitioner raised numerous instances of ineffective assistance of trial counsel. In a brief submitted December 30, 1997 (Exhibit

9

E, p.43) and an amended Rule 32 petition filed February 3, 1997 (Exhibit E, p.98) petitioner attempted to raise additional claims which on remand the trial court found were barred by the two year limitation period set forth in Rule 32.2(c), *Alabama Rules of Criminal Procedure*. The Alabama Court of Criminal Appeals agreed with this finding and affirmed the denial of the Rule 32 petition.

Both the trial court and appellate court found that the ineffective assistance of counsel raised in the original petition was precluded from Rule 32 review pursuant to Rule 32.2(a)(4) because it had been raised on direct appeal. On direct appeal, the Court of Criminal Appeals held that the ineffective assistance of trial court claim was procedurally barred from appellate review pursuant to *Ex Parte Jackson*, 598 So.2d 895 (Ala. 1992) which precludes state appellate review of an ineffective assistance of trial counsel claim where new appellate counsel has not first filed a motion for new trial.[3/]

To the extent that plaintiff seeks to amend his federal habeas petition to assert the same claims raised unsuccessfully in the Rule 32 petition, the motion to amend is DENIED. The motion to amend is denied because the claims asserted in the Rule 32 petition do not relate back to the claims raised in the May 19, 1997 petition and are, therefore, not timely. The claims raised in the Rule 32 petition involve the trial and appeal while the claims raised in the petition involve only pretrial matters concerning how petitioner arrived in Alabama's custody and the delay in trying him.

Alternatively, even if the claims sought to be amended do relate back under Rule 15(c)(2), *Federal Rules of Civil Procedure*, the claims would be procedurally barred from federal

---

[3/]  Petitioner's recourse was to file a timely Rule 32 raising a claim of ineffective assistance of appellate counsel based on appellate counsel's failure to file a motion for new trial raising ineffective assistance of trial counsel. Instead, petitioner did not attempt to add an ineffective assistance of appellate counsel claim until February 2, 1998 by which time the claim was untimely under Rule 32.2(c), *Alabama Rules of Criminal Procedure*, and *Garrett v. State*, 644 So.2d 977 (Ala. Cr. App. 1994).

review based on the state court's explicit finding that the claims are procedurally barred from state review. In *Harris v. Reed*, 489 U.S. 255 (1989), *remand*, 894 F.2d 871 (7th Cir. 1990) the Supreme Court held that a "procedural default does not bar consideration of a federal claim on ... habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."

Because the claims, if allowed, would be procedurally barred from federal review, the court concludes that no purpose would be served in allowing petitioner to amend his petition at this late date.

Based on the foregoing the petition for writ of habeas corpus is due to be DENIED. A separate judgment consistent with this memorandum opinion will be entered simultaneously herewith.

DONE this the 22nd day of March, 1999.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

11